UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SUMMER PATTERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYAN COUNTY FIRE AND )<br>EMERGENCY SERVICES, *et al.*, )<br>)<br>Defendants. ) | CV423-225 |

## ORDER

Plaintiff Summer Patterson filed this case against Defendants Bryan County Fire and Emergency Services and Freddy Howell in the Superior Court of Bryan County, Georgia. Doc. 1-1 at 2-29. Defendants removed the case to this Court, doc. 1 at 1 (Notice of Removal), and filed a Motion for More Definite Statement, doc. 9. Plaintiff filed a Motion to Remand, arguing this Court lacks subject-matter jurisdiction over her claims. Doc. 15. She then filed an Amended Complaint "in response to Defendant's Motion for More Definite Statement."[1] Doc. 16 at 1. Defendants filed a Motion to Dismiss the Amended Complaint, doc. 18,

---

[1] No later than October 5, 2023, Defendants are **DIRECTED** to show cause why Plaintiff's Amended Complaint, doc. 16, and their Motion to Dismiss it, doc. 18, do not render their Motion for More Definite Statement, doc. 9, moot.

1

and a Motion to Stay pending resolution of that dispositive motion, doc. 19. Plaintiff has now filed a Motion to Stay her deadline to respond to the Motion to Dismiss pending the resolution of her Motion to Remand. Doc. 22. Although the time for each party to respond to the opposing party's motion to stay has not yet run, *see* docs. 19 & 22, *see also* S.D. Ga. L. Civ. R. 7.5, given the upcoming deadline for Plaintiff to respond to the Motion to Dismiss, the Court will address those motions and set a schedule for the parties to efficiently brief the issues before the District Judge.

First the Court addresses Plaintiff's Motion to Stay its response to the Motion to Dismiss. Doc. 22. As the moving party, Plaintiff bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997). A request to stay pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id.* In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53; *see also Applegate v. Darby Bank & Tr. Co.*, 2011 WL 675031, at *1

(S.D. Ga. Feb. 17, 2011) (applying the foregoing analysis to a motion to stay pending disposition of motion to remand).

The requisite peek at Plaintiff's Motion to Remand does not demonstrate it is *clearly* meritorious. *See* doc. 15 at 3 (arguing the Court lacks subject matter jurisdiction because "the causes of action are all state law claims"); *but see* doc. 1-1 at 23-27 (Complaint alleging, *inter alia*, violations of 42 U.S.C. § 1983 and Title VII); doc. 16 at 20-22 (Amended Complaint alleging "First Amendment Violations"), 23-24 (alleging violations of Title VII). Whether the Motion to Remand is ultimately meritorious is a matter reserved for the District Judge. *See* doc. 15. However, the pendency of that motion does not provide the good cause necessary to delay Plaintiff's obligation to respond to Defendants' Motion to Dismiss. Therefore, the Plaintiff's Motion to Stay is **DENIED**. Doc. 22. The Court will afford Plaintiff a short extension of time to respond to the Motion to Dismiss, considering the imminent response deadline. *See* Fed. R. Civ. P. 6(b)(1)(A) (authorizing Court to extend time "with or without motion or notice"). Plaintiff is **DIRECTED** to respond to Defendants' Motion to Dismiss, doc. 18, by October 5, 2023. Replies shall be governed by Local Rule 7.6.

3

Additionally, some stay of these proceedings is warranted to allow the District Judge to address the pending dispositive motions, once they are fully briefed, before the parties invest additional time and resources in potentially costly discovery. The United States Court of Appeals for the Eleventh Circuit has recognized that "[d]istrict courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971)). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). It is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama*, 123 F.3d at 1367-68.

The Court must address Defendants' Motion to Dismiss and Plaintiff's Motion to Remand as threshold matters. Accordingly, all

4

discovery deadlines in this case are **STAYED** pending resolution of those motions. *Cf.* docs. 15 & 18. Specifically, the parties' obligation to confer pursuant to Federal Rule of Civil Procedure 26(f) is stayed pending the outcome of the two dispositive motions. Should any claims remain pending in this Court after the District Judge's disposition of the later of the two dispositive motions, the parties are **DIRECTED** to confer and submit a report as required by Rule 26(f) within 14 days of such disposition. The stay does not apply to the briefing related to Defendants' Motion to Dismiss discussed above. Since all discovery deadlines are stayed, the Defendant's pending Motion to Stay is **DISMISSED** as moot. Doc. 19.

    **SO ORDERED**, this 27th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA