IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SUMMER PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYAN COUNTY, GEORGIA; BRYAN COUNTY FIRE AND EMERGENCY SERVICES; and FREDDY HOWELL, in his individual and official capacities,<br><br>    Defendants. | CIVIL ACTION NO.: 4:23-cv-225 |

**O R D E R**

Before the Court is Plaintiff Summer Patterson's Motion to Remand. (Doc. 15.) Plaintiff initially filed this action in the Superior Court of Bryan County against Defendants Bryan County Fire and Emergency Services (hereinafter, for ease of reference, the "Fire Department") and Fire Chief Freddy Howell. (Doc. 1-1.) Plaintiff asserted a bevy of claims against Defendants concerning their handling of her employment, including—but not limited to—their decision to diminish her authority within the department and to impose additional duties upon her. (Id.) Defendants removed the case to this Court, asserting federal question jurisdiction. (Doc. 1.) Plaintiff subsequently moved to remand the case. (Doc. 15.) For the reasons explained below, the Court **DENIES** Plaintiff's Motion to Remand. (Id.)

**BACKGROUND**

According to the face of the Complaint, Plaintiff—who was the "Division Chief for Emergency Medical Services, Emergency Management, and Administration" with the Fire

Department—notified Defendant Howell that she had received reports of misconduct by one of the Fire Department's battalion chiefs. (Doc. 1-1, p. 10.) She believed the specific misconduct placed Bryan County citizens and Fire Department employees in danger. (Id.) In April 2023, Defendant Howell ordered her to investigate the issue, and her investigation revealed that the at-issue battalion chief should be demoted. (Id. at pp. 10–11.) Defendant Howell, however, refused to demote the individual, and Plaintiff objected to this decision. (Id. at p. 10.) Per the Complaint, "[f]ollowing [Plaintiff's] objections regarding [the employee] and the life/safety issues caused by her actions, Defendant Howell yelled, verbally assaulted, and cussed at [Plaintiff] on multiple occasions," which Plaintiff claims was consistent with a "pattern [Defendant Howell had] of yelling and verbally assaulting" Plaintiff and others. (Id.) Within about a month later, Plaintiff again objected to Defendant Howell's refusal to demote the battalion chief and she also voiced objections on another issue, specifically her belief that another female within the Fire Department was being discriminated and retaliated against by Defendants. (Id. at p. 12.)

Plaintiff claims that Defendant Howell thereafter retaliated against her for voicing those objections by assigning undesirable additional tasks to her, which required her to work more hours in violation of the Fair Labor Standards Act. (Id. at pp. 12–13.) Less than two weeks later, Defendant Howell also decided to move a training class location from a site that was already accredited to a not-yet-accredited location, which Plaintiff claims caused the County to incur major unnecessary expenses. (Id. at p. 14.) According to Plaintiff, this was a retaliatory action against her because it caused extra work for her and "ke[pt] [her] from her supervising responsibilities." (Id. at pp. 14–15.) Plaintiff also alleges that, at some undisclosed time, in seeking out candidates for a new position in the Fire Department, Defendant Howell instructed an administrative assistant to only select applicants who were "25–35 years old, female, and attractive," which Plaintiff claims

2

created "a toxic work environment and a culture of sexual harassment," and also constituted age discrimination in violation of federal law. (Id. at p. 19.)

Plaintiff claims that, even after the County was made aware of the Fire Department's and Defendant Howell's treatment of her after she made the reports and objections, "Defendants have engaged in repeated, ongoing, and continuous adverse employment actions against [Plaintiff]." (Id. at p. 16.) On or about June 30, 2023, Plaintiff resigned from the Fire Department because the toxic work environment had become "detrimental to her mental and physical health" and because "Defendants had removed her job responsibilities and reassigned her to menial degrading tasks." (Id. at p. 21.)

Plaintiff filed her Complaint in the Superior Court of Bryan County, Georgia, on July 7, 2023. (Id. at p. 2.) Therein, she asserts a bevy of claim against Defendants. She claims that the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, which prohibits retaliation against an employee who reports certain types of information, protected her "objections, disclosures, and reporting." In Count One, she alleges that Defendants violated that state act by retaliating against her after she made "objections and reporting of . . . violations of local, county, or state laws, rules, procedures, and regulations." (Id. at pp. 21–23.) She also asserts Defendants violated multiple federal laws and the United States Constitution. For instance, in Count Two, which is entitled "Violation of 42 U.S.C. § 1983 by [Defendants]," she alleges that Defendants violated her free speech rights under the First Amendment of the United States Constitution through their actions in response to her objections and reporting and that Defendants should be held liable through 42 U.S.C. §1983. (Id. at pp. 23–24.) In Count Four, Plaintiff asserts that Defendants were aware that Plaintiff was being subjected to a "hostile work environment, discrimination, harassment, and retaliation," but did nothing to address it, which "denied Plaintiff of her clearly established . . . federal rights and

created "a toxic work environment and a culture of sexual harassment," and also constituted age discrimination in violation of federal law. (Id. at p. 19.)

Plaintiff claims that, even after the County was made aware of the Fire Department's and Defendant Howell's treatment of her after she made the reports and objections, "Defendants have engaged in repeated, ongoing, and continuous adverse employment actions against [Plaintiff]." (Id. at p. 16.) On or about June 30, 2023, Plaintiff resigned from the Fire Department because the toxic work environment had become "detrimental to her mental and physical health" and because "Defendants had removed her job responsibilities and reassigned her to menial degrading tasks." (Id. at p. 21.)

Plaintiff filed her Complaint in the Superior Court of Bryan County, Georgia, on July 7, 2023. (Id. at p. 2.) Therein, she asserts a bevy of claim against Defendants. She claims that the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, which prohibits retaliation against an employee who reports certain types of information, protected her "objections, disclosures, and reporting." In Count One, she alleges that Defendants violated that state act by retaliating against her after she made "objections and reporting of . . . violations of local, county, or state laws, rules, procedures, and regulations." (Id. at pp. 21–23.) She also asserts Defendants violated multiple federal laws and the United States Constitution. For instance, in Count Two, which is entitled "Violation of 42 U.S.C. § 1983 by [Defendants]," she alleges that Defendants violated her free speech rights under the First Amendment of the United States Constitution through their actions in response to her objections and reporting and that Defendants should be held liable through 42 U.S.C. §1983. (Id. at pp. 23–24.) In Count Four, Plaintiff asserts that Defendants were aware that Plaintiff was being subjected to a "hostile work environment, discrimination, harassment, and retaliation," but did nothing to address it, which "denied Plaintiff of her clearly established . . . federal rights and

Constitutional rights." (Id. at pp. 25–26.)  Similarly, in Count Five, she claims that she "suffered sex discrimination prohibited by Title VII" as well as sexual harassment, and that Defendants knew about this but did nothing to address it, which constituted a denial of her "clearly established federal rights and Constitutional rights." (Id. at pp. 26–27.)  In Count Six, Plaintiff alleges that Defendants "fail[ed] to establish policies and procedures for harassment, discrimination, and retaliation," which "effectively denied [her] clearly established federal rights and Constitutional rights." (Id. at pp. 27–28.)  In Count Seven, Plaintiff claims that Defendants failed to train their employees, administrators, and staff on "how Title VII protects against sexual harassment and discrimination, their rights and obligations under Title VII, and how to file a grievance," which denied Plaintiff of her "clearly established federal rights and Constitutional rights." (Id. at p. 28.)

In their Notice of Removal, Defendants assert that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332, as "Plaintiff contends that Defendants violated her rights under the United States Constitution, Title VII, the FMLA, the [Americans with Disabilities Act], and other federal and state laws." (Doc. 1, p. 1 (citing doc. 1-1).)  Twelve days after removal, Plaintiff filed her Motion to Remand contending that federal question jurisdiction does not exist. (Doc. 15.)  Plaintiff's theory—though presented inconsistently throughout her Motion—appears to be that she primarily claims that Defendants retaliated against her for making a report protected by the Georgia Whistleblower Act and that her federal law claims are "derivative claims" that "merely relate to the elements of the state law [Georgia Whistleblower Act] claim." (Id. at pp. 3–4.)  Accordingly, Plaintiff claims, there is no "substantial" federal question in the case and thus federal question jurisdiction is lacking. (Id. at p. 3.)

4

After moving to remand, Plaintiff filed an Amended Complaint.[1]  (Doc. 16.)  While this version contains more allegations and causes of action, Plaintiff continues to assert that Defendants committed, and are liable to her for: "First Amendment Violations" (Count Eight); "Failure to Provide a Workplace Free of Harassment, Discrimination, and Retaliation," which covers the time period "before, after, and because of, her reporting of matters of public concern," and resulted in the denial of her "clearly established . . . federal rights and Constitutional rights," (Count Ten); "Failure to Provide a Workplace Free from Harassment, Assault, and Title VII Violations," which specifically alleges that Defendants failed to take any meaningful action to remediate the sexual harassment and hostile work environment Plaintiff experienced, thereby denying her of her "clearly established federal and Constitutional rights," and also alleges that there was a "general policy and practice" within the Fire Department "to facilitate and conceal wrongdoing . . . and to intimidate, harass, obstruct, and retaliate against anyone who dares shed light on [internal] corruption," (Count Eleven); "Lack of Policies and Procedures for Harassment, Discrimination, or Retaliation," which "effectively denied [Plaintiff's] clearly established federal rights and Constitutional rights," (Count Twelve); and failure to train employees, administrators and staff on "how Title VII protects against sexual harassment and discrimination, their rights and obligations under Title VII and how to file a grievance," which "effectively denied [Plaintiff] . . . of [her] clearly established federal rights and Constitutional rights."  (See generally id.)  Additionally, within Count Three ("Retaliation by Adding Impossible Job Duties"), Plaintiff alleges that, when Defendant Howell assigned additional tasks to Plaintiff following her objections, he "kn[ew] it

---

[1] In her Amended Complaint, Plaintiff added Bryant County, Georgia, as a Defendant.  (Doc. 16.)

would be . . . in violation of [the] Fair Labor [S]tandards [Act] for Plaintiff to work that many hours per week." (Id. at pp. 12–13.)

## LEGAL AUTHORITY

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. See 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over two types of civil actions: (1) those arising under federal law ("federal question jurisdiction") and (2) those involving diversity of citizenship ("diversity jurisdiction"). See 28 U.S.C. §§ 1331, 1332.

Removal jurisdiction based on a federal question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936)). Here, Defendants bear the burden of establishing that removal was proper. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Additionally, the statute governing remand, 28 U.S.C. § 1447(c), "permits a case's reexamination after the time of removal to determine whether jurisdiction has been lost due to post-removal developments." Maseda v. Honda Motor Co., 861 F.2d 1248, 1253 (11th Cir. 1988).

## ANALYSIS

In their Response to the Motion to Remand, Defendants point out that, "[i]n her motion, Plaintiff confirms that she has raised 'federal law claims,'" and argue that her position that the Court nonetheless lacks jurisdiction over those claims because they "'occurred as a result of' activity allegedly protected under the Georgia Whistleblower Act" is "meritless" and not a proper basis for remand. (Doc. 17, pp. 1–2 (quoting doc. 15, p. 3).) Defendants also emphasize that not only are several of Plaintiff's claims explicitly alleged as violations of federal law, but some of them also give rise to *exclusively* federal law-based claims. (Id. at pp. 3–4 (citing courts holding that there is no state law cause of action for sexual harassment in Georgia[2] and case law explaining that federal courts have original jurisdiction over claims that a defendant violated Title VII[3]).) Finally, Defendants argue that, while the existence of federal jurisdiction is tested as of the time of removal, Plaintiff's recently filed Amended Complaint essentially reasserts all of the federal claims in her original Complaint and thus has not affected the Court's federal question jurisdiction. (Id. at pp. 4–6 (citing Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011).)

Federal question jurisdiction unquestionably exists here, and Plaintiff's arguments to the contrary strain credulity. Plaintiff relies on federal statutes and the United States Constitution as the gravamen of many of her claims. The Court has never seen a represented party contest removal after so clearly relying on federal law. The Court cautions Plaintiff not to make similar specious arguments again.

---

[2] See Beshears v. Kia of Augusta, No. CV 115-029, 2015 WL 3606057, at *3 (S.D. Ga. June 8, 2015).

[3] See Lockhart v. Bio-Med. Applications of Ala., Inc., No. 3:18CV951-GMB, 2019 WL 122992, at *2 (M.D. Ala. Jan. 27, 2019).

First, Plaintiff is flatly wrong in asserting that all her federal claims "occurred as a result of" the activity that she claims was protected by the Georgia Whistleblower Act. While the factual allegations supporting Plaintiff's various causes of action sometimes overlap (particularly as to the adverse employment actions she claims to have suffered), Plaintiff's Complaint and her Amended Complaint brim with distinct allegations supporting distinct federal claims that necessarily raise substantial federal questions. For instance, Plaintiff makes distinct claims that Defendants discriminated against her and harassed her because she is a female. Likewise, she asserts distinct claims that Defendants violated Title VII (and other unspecified federal and Constitutional rights) by failing to "remediate the harassment, discrimination, and hostile work environment that [she] experienced *before*" she made her allegedly protected reports, (doc. 16, p. 23 (emphasis added))— which is necessarily distinct from her Georgia Whistleblower Act claim—in addition to failing to remediate the harassment, discrimination, and hostile work environment *after* she made her whistleblower reports. She also claims violations of federal law based on Defendants' failure to provide certain types of training and failure to implement policies and procedures to address harassment, discrimination, and hostile work environment issues. Accordingly, she has unquestionably alleged federal causes of action, and the federal law issues are not simply part and parcel of her state-law claim.[4]

---

[4] Along these same grounds, the Court rejects Plaintiff's argument that she has not raised a "stated federal issue that's actually disputed and substantial," (doc. 15, p. 3). "In federal question cases under [§] 1331, 'where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.'" Southpark Square Ltd. v. City of Jackson, 565 F.2d 338, 341 (5th Cir. 1977) (citing Bell v. Hood, 327 U.S. 678, 681-82 (1946)). The two exceptions are where (1) "the federal question 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'" or (2) "'such a claim is wholly insubstantial and frivolous.'" Id. "[L]ack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject. Id. Here, given Plaintiff's allegations, there is no indication or basis for finding that either exception applies.

Additionally, while the state courts may have concurrent jurisdiction over at least some of the federal law claims asserted by Plaintiff, that does not mean this Court lacks original jurisdiction over those claims and must remand the case to state court. See 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); see also Chilton v. Savannah Foods and Indus., Inc., 814 F.2d 620, 622–23 (11th Cir. 1987) (removal of a case to federal court is proper even when the federal court and the state court have concurrent jurisdiction over a plaintiff's claim).

Finally, even if Plaintiff's federal claims were all more directly connected to the Georgia Whistleblower Act claim, the Court would not lack subject matter jurisdiction over the case simply because the Act provides that a retaliation claim under the Act may be brought in state superior court.[5] See Marshall v. Marshall, 547 U.S. 293, 314 (2006) (holding that, under the federal system, Texas could not grant its probate courts exclusive jurisdiction to entertain tortious interference claim and deny federal court ability to entertain such claims); Davidson v. Mortg. Elec. Registration Sys., No. 3:12–CV–47–TCB, 2012 WL 6971002, at *6 (N.D. Ga. May 7, 2012) (concluding that even if O.C.G.A. § 44-2-60 granted Georgia superior courts exclusive jurisdiction, it could not divest federal court of removal jurisdiction); Borges v. Bank of Am., No. 1:11-CV-3363-JEC-AJB, 2012 WL 4328374, at *7 (N.D. Ga. May 1, 2012) (same).

---

[5] See O.C.G.A. § 45-1-4(e)(1) ("A public employee who has been the object of retaliation in violation of this Code section may institute a civil action in superior court for relief as set forth in paragraph (2) of this subsection within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier.").

**CONCLUSION**

In light of the foregoing, Plaintiff's Motion to Remand, (doc. 15), is **DENIED**. Additionally, Defendants acknowledge that Plaintiff's Amended Complaint, (doc. 16), moots their Motion for a More Definite Statement, (doc. 9), which was directed at Plaintiff's original complaint.  (See doc. 25, p. 1.)  Therefore, the Court **DENIES AS MOOT**, Defendants' Motion for a More Definite Statement, (doc. 9).  This case remains stayed pending the Court's ruling on Defendants' Motion to Dismiss, (doc. 18).

**SO ORDERED**, this 26th day of March, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA