IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SUMMER PATTERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-225 |
| v. | |
| BRYAN COUNTY, GEORGIA; and FREDDY HOWELL, in his individual and official capacities, | |
| Defendant. | |

**O R D E R**

Presently before the Court is Defendants Freddy Howell and Bryan County's[1] Motion to Dismiss Plaintiff Sarah Bradbury's Second Amended Complaint ("SAC").[2]  (Doc. 36.)  Plaintiff sued Defendants alleging they discriminated and retaliated against her during her employment at Bryan County Fire and Emergency Services ("BCFES").  (Doc. 16.)  Defendants moved for a more definite statement on Plaintiff's original complaint because of pleading deficiencies.  (Doc. 9.)  In

---

[1] The parties dispute whether Bryan County was properly served.  (Doc. 36, p. 1 n.1; doc. 37, pp. 4–6.) Additionally, Shannon Bancroft is not listed as a defendant in the case style of the Second Amended Complaint but is referred to several times throughout the Second Amended Complaint as a Defendant.  (See doc. 35, pp. 1, 3 ("[Plaintiff] files this Second Amended Complaint against Defendants Bryan County, Georgia; Freddy Howell; and Shannon Bancroft;" "Ante litem notices were sent via certified mail to Defendants Howell and Bancroft;" "Defendants Howell and Bancroft were individually served with process").)  Both Bryan County and Bancroft "specially appear for the limited purpose of joining this Motion."  (Doc. 36, p. 1.)

[2] Plaintiff's Original Complaint and First Amended Complaint listed "Bryan County Fire and Emergency Services" as a Defendant (in addition to Bryan County, Georgia).  (Docs. 1-1 & 16.)  The Court dismissed all claims against all named parties—including Bryan County Fire and Emergency Services—in the First Amended Complaint in its Order entered June 7, 2024.  (Doc. 34.)  In her Second Amended Complaint, Plaintiff does not include "Bryan County Fire and Emergency Services" as a Defendant.  (Doc. 35.) Accordingly, the Court **DIRECTS** the Clerk of Court to **UPDATE** the docket of this case to reflect that Bryan County Fire and Emergency Services is no longer a Defendant.

response to Defendants' motion, Plaintiff filed an Amended Complaint. (Doc. 16.) Defendants moved to dismiss the Amended Complaint with prejudice, arguing that Plaintiff failed to cure the pleading issues raised in their motion for a more definite statement. (Doc. 18.) The Court found the Amended Complaint to be a quintessential shotgun pleading and dismissed the Amended Complaint without prejudice, directing Plaintiff to file a Second Amended Complaint. (Doc. 34.) Plaintiff accordingly filed a Second Amended Complaint. (Doc. 35.) Defendants then filed the at-issue Motion to Dismiss Plaintiff's SAC, arguing Plaintiff's SAC fails to remedy the defects of the Amended Complaint. (Doc. 36.) Plaintiff filed a Response. (Doc. 37.) For the reasons more fully explained below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. (Doc. 36.) Additionally, the Court **DISMISSES** Bancroft from this case. The Court **DIRECTS** the Clerk of Court to **REMAND** the remaining claims to the Superior Court of Bryan County, Georgia.

**BACKGROUND**

As best the Court understands, Plaintiff was employed as Division Chief at BCFES and alleges she was retaliated against in violation of the Georgia Whistleblower Act ("GWA"), O.C.G.A. §45-1-4, for making a complaint about another officer at BCFES. (Doc. 35, pp. 1, 4–5.) At all times relevant to the action, Defendant Freddy Howell was the Bryan County Fire Chief and Director of Emergency Services, and Plaintiff was Defendant Howell's second-in-command. (Id. at pp. 1–2.)

The SAC alleges nine counts: (1) "Retaliation by assigning duties adding 20+ more work hours per week" in violation of the GWA against Howell and Bryan County; (2) "Retaliation by assigning additional duties to Plaintiff" in violation of the GWA against Howell and Bryan County; (3) "Retaliation by removal of authorities" in violation of the GWA against Howell and Bryan

2

County; (4) "Constructive Dismissal" against Howell and Bryan County; (5) "First Amendment Violations" in violation of 42 U.S.C. § 1983 ("Section 1983") against Howell and Bryan County; (6) "Failure to provide a workplace free from harassment and retaliation, in violation of Article III of Bryan County Personnel Policy" against Howell and Bryan County; (7) "Failure to investigate, in violation of Article III of Bryan County Personnel Policy" against Bryan County; (8) "Failure to take prompt and corrective action, in violation of Article III of Bryan County Personnel Policy" against Bryan County; and (9) "Failure to enforce anti-retaliation policies, in violation of Article III of Bryan County Personnel Policy" against Bryan County. (Id. at pp. 4–10.)

In the Original Complaint, Plaintiff brought various claims under federal and state law, including those now brought here. (Doc. 1-1, p. 2.) Defendants then filed a Rule 12(e) motion for a more definite statement on the grounds that the complaint was a shotgun pleading. (Doc. 9.) Defendants argued that the Original Complaint impermissibly "re-alleg[ed] all preceding paragraphs in each count," "assert[ed] multiple claims against multiple Defendants without specifying which Defendant [was] responsible for which alleged acts or omissions," "includ[ed] a number of vague allegations not connected to any particular cause of action," and contained "several counts [which] includ[ed] multiple causes of action." (Id. at p. 2.) Plaintiff did not oppose this motion and instead filed an Amended Complaint, noting that the amendment was being made "in response to Defendant[s'] Motion for More Definite Statement."[3]  (Doc. 16, p. 1.)

Defendants then moved to dismiss the Amended Complaint, arguing that the changes did not cure the shotgun pleading problems contained in the Original Complaint. (Doc. 18.) Defendants maintained their prior arguments that the Amended Complaint contained stray allegations not obviously connected to any count, that it failed to identify which Defendants'

---

[3] The Court denied the Motion for More Definite Statement as moot. (See doc. 33.)

3

conduct the claims are based on, that it failed to state which claims are being brought against which Defendants, and that it combined multiple claims into single counts. (Id.) The Court agreed, finding the Amended Complaint was an impermissible shotgun pleading because it contained factual allegations not linked to any particular cause of action, it bunched multiple claims into single counts, it failed to identify the law on which the claims were premised, and it did not specify the Defendants against whom each count was brought or whose conduct supported each count. (Doc. 34, pp. 4–15.) The Court gave Plaintiff one more opportunity to replead her claims, directing her to file a SAC in which she "plead[s] each legal claim in a separate count, paying close attention to the elements of those claims," "plead[s] the relevant factual basis," and "identif[ies] against whom each claim is brought with supporting facts related to each Defendant's acts." (Id. at pp. 15–19.)

In her SAC, Plaintiff whittles down her causes of action, only bringing claims under the GWA, Section 1983, and Article III of the Bryan County Personnel Policy. (Doc. 35.) Defendants now move to dismiss the SAC arguing it "reproduces, and in some instances expands on, each of the[] defects" of the Amended Complaint. (Doc. 36, p. 6.) Specifically, Defendants contend that the SAC "fails to incorporate sufficient factual allegations into each of its Counts," "fails to identify the legal basis for each count," and "fails to state which claims are being brought against which Defendants (and whose conduct the claims are based on)." (Id. at pp. 6–11.) Plaintiff filed a Response, arguing that she complied with the Court's pleading directions and explaining how she did so in her SAC. (Doc. 37.)

## DISCUSSION

Defendants move to dismiss the SAC on the ground that it is an improper shotgun pleading. (Doc. 36, pp. 4–11.) The Federal Rules of Civil Procedure require that a complaint contain "a

4

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 10 further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Furthermore, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit Court of Appeals has "repeatedly condemned shotgun pleadings, since '[p]leading claims in this fashion imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts.'" Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (quoting U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018) ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices.").  As such, "[a] district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations omitted).

The Eleventh Circuit has identified "four rough types" of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims

5

against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Defendants argue that the SAC has failed to give them notice to prepare an adequate defense because the SAC suffers three categories of shortcomings: (1) the SAC fails to incorporate sufficient factual allegations into each count, (2) the SAC fails to identify the legal basis of each count, and (3) the SAC fails to state which claims are brought against which Defendant and whose conduct the claims are based on. (Doc. 36, pp. 6–11.) The Court will take Defendants' arguments in turn.

I. **Whether the SAC Fails to Incorporate Sufficient Factual Allegations into Each of its Counts**

Defendants first argue that the SAC is a shotgun pleading because it fails to incorporate sufficient factual allegations into each of its counts. (Id. at pp. 6–9.) While Plaintiff's Original Complaint generally incorporated all factual allegations in connection with each and every count, (see generally doc. 1-1), and the Amended Complaint conversely incorporated none of the preceding factual allegations into any of the counts, (see generally doc. 16), Defendants now argue that the SAC "is largely devoid of factual allegations . . . [and] is arguably worse than the one that preceded it with respect to the burden it places on Defendants and the Court to search for the factual allegations underlying each claim." (Doc. 36, p. 9.)

"A complaint that requires the reader to speculate as to which factual allegations pertain to which count . . . has been found time and again to be a shotgun pleading in the Eleventh Circuit." Roether v. Georgia, No. 2:21-CV-083, 2022 WL 3908838, at *3 (S.D. Ga. Aug. 30, 2022) (internal

quotations omitted), *aff'd*, No. 22-13731, 2024 WL 358121 (11th Cir. Jan. 31, 2024).  "Such omissions are critical because . . . Defendant is left without adequate notice as to the factual bases of the claims against it." Wright v. Burrows, No. 22-21090-CIV, 2023 WL 2968181, at *2 (S.D. Fla. Apr. 17, 2023), *aff'd sub nom.* Wright v. Chair of Equal Emp. Opportunity Comm'n, No. 23-11646, 2024 WL 1073010 (11th Cir. Mar. 12, 2024).

Defendants offer multiple examples to support their argument that the SAC fails to incorporate sufficient factual allegations into each of its counts.  (Doc. 36, pp. 7–9.)  Defendants first point out that every count incorporates the four paragraphs that comprise the "Facts" section of Plaintiff's SAC.  (Doc. 36, pp. 6–7.)  Those paragraphs allege:

> 30.  In accordance with her duties as Division Chief of BCFES and county policy, Plaintiff engaged in protected whistleblower activity when she:
>
> > a. reported and objected to life/safety concerns within the BCFES department to Defendants Howell, her supervisor;
> >
> > b. objected to Defendant Howell and Division Chief Bancroft when they violated civil rights laws, committed acts of discrimination, and falsified public records against Lt. Sam Bradbury during promotion scoring for a battalion chief position; and
> >
> > c. reported concerns to the county attorney related to Defendant Howell's decisions that jeopardized training accreditation and caused significant wasteful spending, which created a burden on local taxpayers;
>
> 31.  All reports were based on Plaintiff's actual knowledge.
>
> 32.  Plaintiff knew and genuinely believed the information she reported and objected to could place Bryan County citizens and BCFES first responders at significant risk of harm, cost taxpayers significant amounts of money, jeopardize county compliance and accreditation for fire and EMS activities, and make the county liable for violations of law and policy.
>
> 33.  Following the reports, Plaintiff faced multiple acts of retaliation and constructive dismissal from her employment.

(Doc. 35, pp. 4–5.)  In support of their argument that no count contains sufficient factual support, Defendants first try to make an example out of Count One ("Retaliation by assigning duties adding 20+ more work hours per week, in violation of GWA (O.C.G.A. § 45–1–4)"), which alleges that additional duties were placed upon Plaintiff "following in close temporal proximity to Plaintiff's objections to Defendant Howell's violations of law and policy (and while visibly angry at Plaintiff) during the promotion scoring . . . ." (Id. at p. 7 (quoting doc. 35, p. 5).)  However, Defendants argue that the only information about "violations of law and policy . . . during the promotion scoring" is the general statement that Plaintiff "objected to Defendant Howell and Division Chief Bancroft when they violated civil rights laws, committed acts of discrimination, and falsified public records against Lt. Sam Bradbury during promotion scoring for a battalion chief position." (Id. at p. 7 (quoting doc. 35, p. 4).)  According to Defendants, there is no further information within the SAC regarding the promotion scoring process, the nature of the alleged violations of law and policy, the manner in which Plaintiff objected to the alleged violations, or when any of this occurred.  (Id.)

As for Count One, this is all true.  (Doc. 35, pp. 4–6.)  However, this does not make it a shotgun pleading.  Defendants seem to seek to evoke the second category of shotgun pleading: pleadings "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322 (11th Cir. 2015).  However, the factual allegations here, though admittedly somewhat vague, do appear connected to particular causes of action. (See generally doc. 35 (specifically incorporating the first four factual allegations into each count and then alleging additional facts as relevant to each specific count).)

Plaintiff responds to all of Defendants' arguments by arguing the SAC complies with the Federal Rules of Civil Procedure and the Court's prior Order because "each claim: Is listed in single, distinct counts under one heading; Lists all defendants to whom it applies under the

heading; Includes the legal basis for the claim in the heading itself; Sufficiently pleads the elements of each claim; and Contains factual bases for the claim." (Doc. 37, p. 2.) She offers Count One as an example. (Id. at pp. 2–4.) In response to Defendants' specific argument that Count One lacks sufficient factual support, Plaintiff points out that Count One incorporates factual allegations from the four "Facts" section paragraphs while alleging additional facts, all to support Plaintiff's retaliation claim. (Doc. 37, pp. 3–4; see also doc. 35, pp. 4–6.) Defendants nonetheless question whether there is not more alleged about the scoring process or the nature of these violations. (Doc. 36, p. 7.)

To be sure, more factual allegations would be helpful. But Defendants have not convincingly argued that they do not have adequate notice of the GWA retaliation claim against them in Count One. If Defendants contend the factual allegations are insufficient to support the claim alleged, in the words of the Eleventh Circuit, "that's a Rule 12(b)(6) problem, not a shotgun-pleading problem." Inform Inc. v. Google LLC, No. 21-13289, 2022 WL 3703958, at *4 (11th Cir. Aug. 26, 2022). To continue with the Count One example, it is clear within the SAC that Plaintiff alleges that she objected to Howell's falsification of public records during promotion scoring for a battalion chief position; that Plaintiff then reported her concerns to the county attorney; that Howell soon after maliciously assigned Plaintiff responsibility over a time-consuming software program; and these allegations correspond with Plaintiff's GWA Retaliation claim. (Doc. 35, pp. 4–6.) Defendant is not tasked with sifting through the SAC to find which facts apply to Count One, which *would* point to a shotgun pleading. See, e.g., Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (characterizing complaint as "an all-too-typical shotgun pleading" where the reader "must speculate as to which factual allegations pertain to which count"); Allen v. Lyons & Farrar, No. 4:19cv578-MW/MJF, 2020 WL 10728693,

at *3 (N.D. Fla. July 22, 2020) ("[p]laintiff forces [d]efendants to search through the . . . [c]omplaint and attempt, based on their own reasoning rather than [p]laintiff's plain statements of his claims, to ascertain which acts or omissions pertain to them"); Keeton v. Anderson-Wiley, No. CV 110-099, 2011 WL 13345348, at *4 (S.D. Ga. Aug. 22, 2011) (while providing allegations outlining basic events giving rise to claims, plaintiff nevertheless "drafted her Complaint in a manner that makes it difficult to ascertain which factual allegations correspond with which claim"). "Count one is not a model of . . . specificity, but it does adequately put [Defendants] on notice of the specific claims against them and the factual allegations that support those claims." Weiland, 792 F.3d at 1325.

As to "every count" in the SAC, Defendants challenge the lack of allegations related to the time of the alleged occurrence(s). (Doc. 36, pp. 7–8.) However, a review of the SAC indicates that Count Two grounds its relevant factual allegations on May 18, 2023; Count Three alleges Plaintiff reported Howell's actions to the county attorney on June 4, 2023; Count Four, in addition to incorporating the June 4, 2023, report date, also alleges Plaintiff's June 30, 2023, resignation date; and Count Seven, in addition to incorporating the June 4, 2023, report date, also alleges a May 31, 2023, report date. (Doc. 35, pp. 6–7, 9.) While some counts do not allege a specific timeframe, (see, e.g., id. at pp. 4–6), in Count One, Plaintiff alleges only a single instance of record falsification related to the battalion chief position and one occasion shortly thereafter where Howell assigned Plaintiff to the software responsibilities. (Id.) This should provide Defendants with notice of the claim brought against them and the ability to determine—through their own records and experiences—when the underlying events allegedly occurred. It is unclear to the Court how the failure to allege within a count the specific date(s) on which the underlying events occurred would render the SAC (or even just that count) a shotgun pleading. Defendants have

cited no cases standing for the proposition (under the prohibition against shotgun pleadings or under any other legal authority) that every count must allege a specific date or suffer dismissal. (See generally doc. 36.)

That said, Defendants also point to Count Five to illustrate an insufficiency of factual allegations. (Id. at p. 8.) Count Five, brought under Section 1983, incorporates the first four "Facts" section allegations of Plaintiff's SAC and then alleges that "Defendant Howell's retaliation against Plaintiff for reporting violations of law and matters of public concern deprived her of her First Amendment rights." (Doc. 35, p. 8.) Yet the allegations set out within Count Five (even taken together with the incorporated factual allegations from the "Facts" section) do not sufficiently identify or describe the specific activity (or activities) Plaintiff claims constituted exercise of her protected First Amendment rights,[4] nor does she sufficiently specify which act(s) of retaliation by Defendant Howell violated those rights. (See id. at pp. 4–5, 8.) Contrary to Defendants' prior examples, this *is* an example in which Plaintiff has impermissibly tasked Defendants and the Court with sifting through various other counts in the SAC to guess which factual allegations relate to this claim. Chudasama, 123 F.3d at 1359 n.9; Allen, 2020 WL

---

[4] Within Count Five, Plaintiff claims she exercised her First Amendment rights when she "report[ed] violations of law and matters of public concern," (doc. 35, p. 8), but she does not specify whether she is referring to: (1) her purported "report[] and object[ion] to life/safety concerns within the BCFES department to [Howell]," (id. at p. 4); (2) her purported "object[ion] to Defendant Howell and Division Chief Bancroft when they violated civil rights laws, committed acts of discrimination, and falsified public records against Lt. Sam Bradbury during promotion scoring for a battalion chief position," (id.); (3) her purported "report[ of] concerns to the county attorney related to Defendant Howell's decisions that jeopardized training accreditation and caused significant wasteful spending," (id.); or (4) some combination, or all, of the above. Accordingly, she has failed to give Defendants "adequate notice of the grounds upon which this claim rests," Weiland, 792 F.3d at 1323, hampering Defendants' ability to analyze its defenses (for instance, whether the claim is premised on alleged speech that would even qualify as protected under the law, see generally Garcetti v. Ceballos, 547 U.S. 410 (2006); Connick v. Myers, 461 U.S. 138, 142 (1983); Pickering v. Board of Education, 391 U.S. 563, 568 (1968)).

10728693, at *3.  Accordingly, the Court **DISMISSES with prejudice**[5] Count Five.  See Weiland, 792 F.3d at 1320–26 (acknowledging court's ability to dismiss some individual claims on shotgun pleading grounds while retaining others).

Defendants have no remaining arguments over insufficient factual allegations within each count,[6] so the Court now turns to Defendants' next argument for dismissing the SAC.

## II.      Whether the SAC Fails to Identify the Legal Basis for Each Count

As for Plaintiff's Amended Complaint, the Court noted that "the lack of references to substantive law [was] jarring."  (Doc. 34, p. 11.)  For the SAC, the Court ordered Plaintiff to "articulate both *the legal* and factual basis" for each of her claims.  (Id. at p. 18 (emphasis added).)  Defendants now argue that the SAC contains five counts that make no attempt to identify the substantive law at the basis of each claim.  (Doc. 36, pp. 9–10.)  A complaint in which "one cannot discern, with respect to a given claim for relief, the substantive rule giving rise to the claim" is a shotgun pleading.  Bickerstaff Clay Prods. Co. v. Harris Cnty. ex rel. Bd. of Comm'rs, 89 F.3d 1481, 1484 n.4 (11th Cir. 1996).

Defendants first argue that Count Four fails to identify a legal basis.  (Doc. 36, p. 9.)  Plaintiff's Count Four contains a claim for "Constructive Dismissal" but does not cite to any

---

[5] In its prior Order, the Court found that it was within its discretion to dismiss the Amended Complaint with prejudice but nevertheless "afford[ed] Plaintiff one additional opportunity to replead her claims." (Doc. 34, p. 17.)  It was explicitly stated that "[t]he Court will not tolerate further deficiencies.  If Plaintiff refiles another shotgun pleading, her case will be dismissed with prejudice."  (Id.; see also AlertPoint, LLC v. Olds, No. 1:18-CV-03879-ELR, 2021 WL 1778033, at *11 (N.D. Ga. Mar. 30, 2021) (quoting Vibe Micro, 878 F.3d at 1297) ("The Eleventh Circuit has explicitly held that it 'will not adopt a rule requiring district courts to endure endless shotgun pleadings.'").)  Any deficient claim in Plaintiff's SAC is appropriately dismissed with prejudice.

[6] At the end of their section entitled "The [SAC] fails to incorporate sufficient factual allegations into each of its Counts," Defendants briefly argue that Counts Six, Eight, and Nine contain insufficient factual bases because these counts allege violations of County policy without ever pleading what that policy actually is. (Doc. 36, p. 8; doc. 35, pp. 8–10.)  Counts Six, Eight, and Nine are better suited for discussion in the following section regarding the legal bases for each count.  (See Discussion Section I.B, infra.)

substantive law underlying the claim. (Doc. 35, pp. 7–8.) Plaintiff only conclusorily argues in response that the legal basis for Count Four is "[c]learly identified under the legal standards for constructive dismissal, providing sufficient notice to Defendants." (Doc. 37, p. 4.) The Court does not follow Plaintiff's response, as Count Four does *not* identify the legal standards or statutes giving rise to the claim. (See doc. 35, pp. 7–8.) Plaintiff's Count Four requires Defendants and the Court to speculate what law or statute acts as the legal basis for this claim, which is unacceptable, as a defendant cannot prepare an adequate defense if it does not know what claims are being brought against it. Because Count Four does not offer a legal basis for its claim, the Court **DISMISSES with prejudice** Count Four of Plaintiff's SAC as a shotgun pleading.

Defendants next argue that Counts Six through Nine also set forth no substantive law to make the claims actionable. (Doc. 36, p. 9.) Counts Six, Seven, Eight, and Nine allege violations of "Bryan County Personnel Policy," but, like Count Four, set forth no substantive law to make such violations actionable. (Doc. 35, pp. 8–10.) Plaintiff fails to respond to this particular alleged shortcoming. (See generally doc. 37.) Again, neither Defendants nor the Court may be forced speculate about what law or statute acts as the legal basis for these claims. In its prior Order, the Court specifically instructed Plaintiff to plead the legal basis for each claim, (doc. 34, p. 18), and Plaintiff has once more failed to do so. The Court **DISMISSES with prejudice** Counts Six, Seven, Eight, and Nine of Plaintiff's SAC.

With no remaining arguments over the sufficiency of each count's legal basis, the Court turns to Defendants' final argument.

### III. Dismissal of Shannon Bancroft

The Court's prior Order noted that the counts within Plaintiff's Amended Complaint often "fail[ed] to identify which of the Defendants' conduct they are based on." (Doc. 34, p. 14.) The

defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith, 146 F. App'x. at 371. When a defendant is tasked with reading through the allegations and deducing whose conduct provides the basis for each claim, it is impossible for Defendants to prepare an adequate defense. See Hirsch v. Ensurety Ventures, LLC, 805 F. App'x 987, 991 (11th Cir. 2020) (complaint impermissibly "tasks the reader with parsing the slew of general factual allegations about the business structure of the defendants . . . in order to decipher which defendant's conduct applies to each count . . . [which] is not an appropriate task"). Now, Defendants argue that the SAC "inarguably makes this situation worse, as it features an entire defendant who appears and disappears inconsistently throughout the pleading. The caption names only Defendant Howell and Defendant Bryan County—but the introductory paragraph also names a Defendant Shannon Bancroft, in his official and personal capacity, as a party." (Doc. 36, p. 10 (citing doc. 35, p. 1).) Plaintiff does not address the issue in her Response. (Doc. 37, p. 7 (the only time the name "Shannon Bancroft" appears in the Response is within the caption of the Certificate of Service attached to the Response).)

Indeed, Plaintiff's SAC does not include Bancroft in its caption but still begins by stating that "Plaintiff Summer Patterson . . . files this [SAC] against Defendants Bryan County, Georgia; Freddy Howell; and Shannon Bancroft, in their official and personal capacities, for retaliation in violation of county policy and the [GWA]." (Doc. 35, p. 1.) The SAC then alleges that "[a]nte litem notices were sent via certified mail to Defendants Howell and Bancroft"; that "Defendants Howell and Bancroft were individually served with process"; and that "Plaintiff engaged in protected whistleblower activity when she . . . objected to Defendant Howell and Division Chief Bancroft when they violated civil rights laws, committed acts of discrimination, and falsified

public records against Lt. Sam Bradbury during promotion scoring for a battalion chief position." (Id. at pp. 3–4.)  That final allegation is one of the core factual allegations incorporated into all nine counts thereafter.  (See id. at pp. 5–10.)

In Bancroft's case, it is impossible to frame a responsive pleading when one is not sure whether he or she is even a defendant.  Though referenced as a defendant throughout the SAC, Bancroft is not in the caption of the SAC, and no count purports to bring any claims against Bancroft.[7]  Accordingly, the Court **DISMISSES** Shannon Bancroft from this case.

IV.     **Remand of Remaining Claims**

In total, the Court **DISMISSES with prejudice** Counts Four, Five, Six, Seven, Eight, and Nine of Plaintiff's SAC.  At a minimum, Count Five contains insufficient factual support, and Counts Four, Six, Seven, Eight, and Nine fail to offer a legal basis for each claim.  Though Counts One, Two, and Three are a far cry from a model pleading, they nevertheless contain sufficient allegations to put Defendants on notice of the claims against them.

Because this case was removed based on federal question jurisdiction and Plaintiff's only obvious federal claim (Count Five) has been dismissed (leaving only claims under the Georgia Whistleblower Act), the Court has "an obligation to examine sua sponte [its] own jurisdiction over [the] case, notwithstanding the contentions of the parties." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020).  Under 28 U.S.C. § 1367(c), the Court has continuing discretion regarding its exercise of supplemental jurisdiction over state law claims.  Silas v. Sheriff of Broward Cnty., 55 F.4th 863, 866 (11th Cir. 2022) (citations omitted).  Typically, "concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in

---

[7] Nor does the Court observe within the SAC any allegation of wrongdoing by Bancroft that was directed toward Plaintiff (and thus would support a cause of action by Plaintiff against Bancroft).  (See generally doc. 35.)

favor of dismissing state-law claims after the federal claims are dismissed." Id. (citations omitted). Here, having considered "judicial economy, convenience, fairness, and comity," the Court finds that this is the "usual case," in which "the balance of factors . . . point toward declining to exercise pendant jurisdiction." Id. (citation omitted). Thus, the Court finds it appropriate to decline supplemental jurisdiction over the remaining state law claims (all of which are based on the Georgia Whistleblower Act) and to remand to state court.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss, (doc. 36), and **DISMISSES with prejudice** Counts Four, Five, Six, Seven, Eight, and Nine of Plaintiff's SAC as a shotgun pleading, (doc. 35). Additionally, the Court **DISMISSES** Bancroft from this case. The Court **DIRECTS** the Clerk of Court to **REMAND** this case to the Superior Court of Bryan County, Georgia.

**SO ORDERED**, this 28th day of March, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA